**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4857-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TAARIQ MILLER,

     Defendant-Appellant.

_____

Submitted February 1, 2021 – Decided September 9, 2021

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 10-07-0851.

Joseph E. Krakora, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Taariq Miller appeals from a May 3, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On March 26, 2007, defendant and co-defendant Willie Yeager followed Naquan Archie into an apartment in Trenton and demanded $1,500 in cash. Defendant and Yeager then shot at Archie. Defendant shot at Archie once before his gun jammed; his shot hit the ground. Yeager shot Archie five times, killing him.

On July 29, 2010, a Mercer County grand jury indicted defendant, alongside Yeager, on the following charges: first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2) (count one); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (count two); first-degree robbery, N.J.S.A. 2C:15-1 (counts three and eight); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (counts six and ten); and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count seven).

On April 7, 2014, pursuant to a negotiated plea agreement, defendant pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1). According to the plea form, the State agreed to recommend defendant receive

539 days of gap time as jail credit and, if he did not, defendant could withdraw his plea. The trial court imposed a twenty-two year prison sentence, subject to an eighty-five percent parole ineligibility period required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and dismissed the remaining counts. The trial court also denied defendant's request to apply the 539 days as jail credit, and instead applied the time as gap time. Defendant filed a pro se appeal of his sentence; we affirmed, and held "defendant received all the jail credits to which he was entitled." Defendant then filed for certification concerning his sentence, which our Supreme Court denied. State v. Miller, 224 N.J. 246 (2016).

Defendant filed a PCR petition on March 16, 2018, supplemented by his PCR counsel's letter-brief and his and multiple potential witnesses' sworn certifications. Defendant alleged he received ineffective assistance, asserting his trial counsel failed to interview these potential witnesses and failed to seek withdraw of his guilty plea after the trial court denied his request to apply 539 days of gap time as jail credit. The PCR court heard oral argument on April 1, 2019, and denied defendant's petition without an evidentiary hearing in a written decision, finding that "every alleged deficiency raised by [defendant] in his brief and certification fail to show any degree of prejudice or are directly contradicted by [his] plea colloquy."

Defendant appeals, arguing:

POINT I

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHO, IN PART, (1) FAILED TO WITHDRAW THE DEFENDANT'S GUILTY PLEA WHEN THE SENTENCING COURT DID NOT APPLY ALL OF THE JAIL CREDITS THAT THE DEFENDANT WAS PROMISED IN HIS PLEA AGREEMENT; AND (2) DID NOT CONDUCT AN INVESTIGATION OF WITNESSES, INCLUDING INDIVIDUALS WHO WOULD HAVE REFUTED STATE INFORMANTS.

A. DEFENSE COUNSEL WAS INEFFECTIVE BY FAILING TO MOVE TO VACATE THE DEFENDANT'S GUILTY PLEA WHEN THE SENTENCING COURT DENIED THE DEFENDANT'S REQUEST TO APPLY 539 DAYS OF GAP TIME AS JAIL CREDIT.

B. DEFENSE COUNSEL WAS INEFFECTIVE BY FAILING TO CONDUCT AN APPROPRIATE INVESTIGATION NOR DID HE CONTACT NUMEROUS WITNESSES, INCLUDING INDIVIDUALS WHO WOULD HAVE REFUTED STATE INFORMANTS.

C. THE PCR COURT ERRED BY NOT GRANTING THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING.

A-4857-18

## II.

We "will uphold [a] PCR court's findings that are supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013). "[W]e review under the abuse of discretion standard [a] PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). When a defendant challenges such a denial, "the question before [us] is whether defendant has alleged any facts that, when viewed in the light most favorable to him, are sufficient to demonstrate a reasonable likelihood of success on his PCR claim." State v. Jones, 219 N.J. 298, 311 (2014).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must demonstrate that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the outcome of the proceedings. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test in New Jersey).

On appeal, we apply a strong presumption that a defendant's trial counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. To establish a prima facie claim, a defendant must demonstrate a reasonable likelihood of succeeding under the Strickland/Fritz test. See State v. Preciose, 129 N.J. 451,

5

463 (1992). To demonstrate a reasonable likelihood of succeeding under the Strickland/Fritz test, a defendant "must do more than make bald assertions[,] . . . [and] must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Here, defendant contends trial counsel was ineffective in failing to withdraw defendant's guilty plea after the trial court denied his request to apply 539 days of gap time as jail credit. The negotiated plea agreement permitted withdrawal if the gap time was not classified as jail credits. Defendant also contends trial counsel was ineffective in failing to investigate witnesses, who allegedly could have refuted or cast doubt on the State's informants' testimonies.

Even if trial counsel's performance was deficient, we agree with the PCR court's findings that defendant's petition failed to establish that he was prejudiced by trial counsel's alleged ineffectiveness. Defendant offers no evidence in his certification or elsewhere in the record to suggest he would have wanted a trial if trial counsel interviewed the potential witnesses or would not have accepted the guilty plea without the jail credit. See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (holding that a defendant must demonstrate "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). Defendant also offers no

evidence to suggest the State might have reasonably altered its plea offer if trial counsel interviewed the potential witnesses or withdrew defendant's guilty plea over the jail credit issue. Specifically, the potential witnesses' certifications give defendant no shelter from the State's other potential witnesses who identify him at the scene of the crime, physical evidence, and his own plea colloquy.

If defendant did not accept the plea offer, he faced a trial on murder, robbery, and weapons charges, exposing himself to a potential life sentence with a period of parole ineligibility of no less than thirty years. See N.J.S.A. 2C:11-3(a)(2). Given the State's offer to significantly reduce defendant's substantial sentencing exposure and parole ineligibility, defendant fails to establish that it would have been rational to reject the plea offer and that he probably would have done so. State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011). Defendant failed to establish a prima facie case of ineffective assistance, and therefore an evidentiary hearing was not required. Preciose, 129 N.J. at 462.

For these reasons, we find the PCR court correctly denied defendant's PCR petition without an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7